## THE STATE v. PITTS, Appellant

### Division Two, May 8, 1900

1. **Criminal Law:** INSTRUCTION: NO EXCEPTION. Where the defendant neither asks an instruction on self-defense, nor saves exceptions to the failure of the trial court to instruct on all questions of law, the Supreme Court can not review such action.

2. ————: EVIDENCE: MOTION FOR NEW TRIAL. Nor will the Supreme Court review the action of a trial court in excluding evidence if the point is not saved in the motion for a new trial.

3. ————: INSTRUCTIONS: INDICTMENT. Where a defendant is indicted in two counts, and acquitted on the second, instructions as to that count will not be reviewed, even if erroneous.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*J. H. La Motte* for appellant.

(1) The court should have given an instruction upon self-defense, and it should have been given whether requested or not. State v. Taylor, 118 Mo. 154. (2) The second instruction, given for the State, is misleading, and prejudicial.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The jury found the defendant guilty on the first count of the indictment. He can not be heard to complain of the insufficiency of the second count, for on that charge he stands acquitted. State v. Kattleman, 35 Mo. 105; State v. Patterson, 116 Mo. 505; State v. Whitton, 68 Mo. 91; State

v. Cofer, 68 Mo. 120; State v. Hays, 78 Mo. 600. (2) This court can not consider the question of the admission of improper evidence or the exclusion of proper evidence in this case for the reason that no complaint is made on that ground in defendant's motion for a new trial.   State v. Johnson, 115 Mo. 480.

GANTT, P. J.—At the April term, 1899, of the Howard Circuit Court, defendant was indicted for assault with intent to kill in one count, and in another for felonious maiming. He was convicted on first count, and sentenced to the penitentiary.   He appeals.

The evidence discloses that Daniel Metcalf was marshal of the town of Roanoke, in Howard county, and on the evening of December 24, 1898, he was assaulted by the defendant with some dangerous instrument, and knocked senseless. Defendant was firing off a pistol in the public streets and the marshal went up to him and told him that the shooting on the street must be stopped, and took hold of his arm or coat sleeve, whereupon defendant struck him over the head with the pistol or other blunt instrument, knocking him down and rendering him insensible.   The defendant then fled, but was arrested later that night, but released by the deputy.   He then left the county and was gone until the next spring.   The defense was that Sam Pitts, another negro, and not defendant, made the assault.

Various errors are assigned in the brief.

The motion for new trial contained only two grounds, namely, that the verdict was against the evidence, and against the instructions.

There was ample positive evidence that defendant committed the assault, and the verdict will not be disturbed on this ground.

The questions now raised for the first time, that the court should have instructed on self-defense can not be considered

because no such instruction was asked by defendant, neither was there any objection or exception taken to the failure of the court to instruct on all questions of law raised by the evidence. Equally unavailing is the point that the court improperly excluded certain evidence, as no such point is made in the motion for new trial.

The discussion of the instruction on the second count of the indictment is entirely irrelevant, as the jury acquitted the defendant on the second count, and it is immaterial how erroneous the instruction as to that count may have been.

The indictment is sufficient, and the verdict having met the approval of the circuit court, will not be disturbed on the mere weight of the testimony.

The judgment is affirmed.

*Sherwood* and *Burgess*, *JJ.*, concur.